(No. 4885— )

BADGER PETROLEUM COMPANY, a Corporation, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed March 24, 1961.*

BROWN, CONNOLLY AND PADDOCK, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General, for Respondent.

TOLSON, C. J.

Claimant, Badger Petroleum Company, A Corporation, filed its amended complaint on November 2, 1959 against the State of Illinois seeking to recover the sum of $411.45 for the alleged negligence of the driver of a snowplow, who was an employee of the State.

The matter was heard by Commissioner George W. Presbrey, and his report is set forth in length herewith:

### COMMISSIONER'S REPORT

"The above entitled cause was heard on February 4, 1960 at Rockford, Illinois. Robert J. Oliver represented claimant, the Badger Petroleum Company, and Samuel Doy, Assistant Attorney General, represented respondent.

"On March 17, 1959, at approximately 12:15 A.M., a gas transport truck, belonging to the Badger Petroleum Company, and being driven by Walter Trueheart, was traveling south on highway No. 26, approximately one mile south of Forreston, Illinois. Route No. 26 is a two-lane highway. The road was icy, and while it had stopped snowing, the snow was blowing at the time.

"It appears that the truck driver noticed a snowplow being operated by an agent of respondent approaching from the south approximately 700 or 800 feet away. As the driver could not tell whether the road was open, he pulled his truck off the road onto the shoulder to wait for the snowplow to pass. It was plowing the east side of the road.

"As it reached the spot where the gas truck was stopped, the plow skidded across the road into the southbound lane, and struck the motor vehicle of claimant then on the shoulder of the road. The truck driver noticed the plow skidding toward him. He attempted to pull ahead and into the ditch. However, he was unable to avoid the plow.

"The driver of the snowplow, Joel A. Toomsen, stated his truck skidded into the southbound lane because the snow had drifted at this point, and was packed and deeper than in most spots. Toomsen stated that he was aware of the drifting condition at this particular spot, as he had just previously plowed the southbound lane of this highway, and knew of the drift. When his plow hit the packed snow, the blade grabbed, and the truck skidded out of control into the truck driven by Mr. Trueheart.

"The defense of respondent appears to be based upon the fact that there was nothing about this particular snowdrift or portion of highway that would warrant, or in any way indicate to the snowplow operator that the blade would grab and throw the truck out of control. The testimony of the truck driver on this particular point starts at page 50 of the transcript, and continues through page 52.

"It appears that the truck driver had insurance to cover him as a driver of a State truck.

"It would appear that the agent of claimant was free of contributory negligence. His truck was not on the highway at the time of the accident, but was parked on the shoulder to allow the snowplow in question to proceed without interruption.

"In the opinion of this Commissioner, the agent of respondent was guilty of negligence. In passing a motor vehicle on the highway, the snowplow operator was under a duty to operate his vehicle in such a manner as to avoid colliding with other vehicular traffic on the highway. The driver of the

snowplow, in passing the parked vehicle of claimant, should have reduced the speed of the snowplow, so that he could safely pass vehicular traffic in the opposite lane.

"Claimant offered petitioner's exhibit No. 1 for identification into evidence. This exhibit is an estimate, and is not a paid repair bill. The attorney for respondent objected to the introduction of said exhibit. His objection was sustained, but the exhibit was allowed to stand as a rejected exhibit, so that the parties to said cause could argue this point in their briefs. A repair bill marked 'paid' can be introduced for the purpose of showing the reasonableness of the cost of the repairs. However, an estimate is not proper for this purpose. Respondent's attorney points out the distinctions in his brief and argument.

"Claimant did introduce certain paid bills as exhibits. The exhibit showing the value of the tires, which were damaged in the accident, is questionable as to the probative value. However, if $80.00 is allowed for this amount, together with the paid repair bills, which are in evidence, the total amount of claimant's damages would be in the sum of $377.95. It is recommended by the Commissioner that claimant be allowed the sum of $377.95 as the measure of its damages."

It is apparent from the report of the Commissioner that Walter Trueheart, the driver of claimant's truck, was entirely free from any fault.

Respondent contends that its driver, Joel A. Toomsen, was plowing the road at a reasonable speed of 15 miles per hour, and, when the blade grabbed the packed snow and skidded out of control, it was in effect an unavoidable accident, and that, therefore, the State was not guilty of negligence.

The driving of a snowplow at a speed of 15 miles per hour may be entirely proper on an open road. However, when the driver saw the truck parked on the shoulder of the road, he was duty bound to slow his vehicle down to the point where he could control it in the event of an emergency. The Court, therefore, finds that the driver of the snowplow did not use reasonable care under the facts of this case.

As to the proof of damages, the Court agrees with respondent that an estimate is not proper, nor is it the best evidence of proof of damages.

The Commissioner, however, has considered these matters, and has concluded that the claimant is entitled to an award in the amount of $377.95.

An award is, therefore, made to claimant in the sum of $377.95.